UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

SHAMAH MOODY,

    Plaintiff,

v.

MICHAEL J. ASTRUE,
Commissioner of Social
Security,

    Defendant.

Case No. EDCV 10-1259 JC

MEMORANDUM OPINION

## I. SUMMARY

On September 1, 2010, plaintiff Shamah Moody ("plaintiff") filed a Complaint seeking review of the Commissioner of Social Security's denial of plaintiff's application for benefits. The parties have consented to proceed before a United States Magistrate Judge.

This matter is before the Court on the parties' cross motions for summary judgment, respectively ("Plaintiff's Motion") and ("Defendant's Motion"). The Court has taken both motions under submission without oral argument. See Fed. R. Civ. P. 78; L.R. 7-15; September 7, 2010 Case Management Order, ¶ 5.

///

Based on the record as a whole and the applicable law, the decision of the Commissioner is AFFIRMED. The findings of the Administrative Law Judge ("ALJ") are supported by substantial evidence and are free from material error.[1]

## II.   BACKGROUND AND SUMMARY OF ADMINISTRATIVE DECISION

On August 15, 2008, plaintiff filed applications for Supplemental Security Income benefits and Disability Insurance Benefits. (Administrative Record ("AR") 9, 122, 125). Plaintiff asserted that he became disabled on January 1, 2000, due to schizophrenia, severe depression and anxiety. (AR 150). The ALJ examined the medical record and heard testimony from plaintiff (who was represented by counsel), a medical expert and a vocational expert on February 24, 2010. (AR 22).

On April 6, 2010, the ALJ determined that plaintiff was disabled through the date of the decision, but was not eligible to receive benefits because plaintiff's substance use disorder was a contributing factor material to any disability caused by plaintiff's severe impairments. (AR 10, 21). Specifically, the ALJ found: (1) plaintiff suffered from the following severe impairments: depressive disorder not otherwise specified, borderline intellectual functioning, and polysubstance abuse (alcohol and marijuana) (AR 12); (2) plaintiff's impairments, including the substance use disorder, meet Listings 12.04 and 12.09 (AR 12-14); (3) plaintiff would continue to suffer from a severe impairment or combination of impairments if he discontinued substance use (AR 14); (4) if plaintiff discontinued substance use he would not suffer from an impairment or combination of impairments that would meet or medically equal any of the listed impairments (AR 14-15); (5) if

---

[1]The harmless error rule applies to the review of administrative decisions regarding disability. See Batson v. Commissioner of Social Security Administration, 359 F.3d 1190, 1196 (9th Cir. 2004) (applying harmless error standard); see also Stout v. Commissioner, Social Security Administration, 454 F.3d 1050, 1054-56 (9th Cir. 2006) (discussing contours of application of harmless error standard in social security cases).

2

plaintiff discontinued substance use he would retain the residual functional capacity to perform less than a full range of light work (20 C.F.R. § 404.1567(b), 416.967(b)) with additional exertional and nonexertional limitations (AR 15);[2] (6) plaintiff had no past relevant work (AR 19); (7) if plaintiff discontinued substance use there are jobs that exist in significant numbers in the national economy that plaintiff could perform, specifically small items assembly and production inspector, both limited to items weighing less than one pound (AR 20); and (8) plaintiff's allegations regarding his limitations were not credible to the extent they were inconsistent with the ALJ's residual functional capacity assessment (AR 17).

The Appeals Council denied plaintiff's application for review. (AR 1).

## III. APPLICABLE LEGAL STANDARDS

### A. Sequential Evaluation Process

To qualify for disability benefits, a claimant must show that he is unable to engage in any substantial gainful activity by reason of a medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of at least twelve months. Burch v. Barnhart, 400 F.3d 676, 679 (9th Cir. 2005) (citing 42 U.S.C. § 423(d)(1)(A)). The impairment must render the claimant incapable of performing the work he previously performed and incapable of performing any other substantial gainful employment that exists in the national economy. Tackett v. Apfel, 180 F.3d 1094, 1098 (9th Cir. 1999) (citing 42 U.S.C. § 423(d)(2)(A)).

In assessing whether a claimant is disabled, an ALJ is to follow a five-step sequential evaluation process:

---

[2] The ALJ determined that plaintiff: (i) could be on his feet for one hour in an eight-hour workday; (ii) had no sitting limitation; (iii) could lift 20 pounds occasionally and 10 pounds frequently; (iv) could not crawl, run, walk over uneven surfaces or operate foot pedals; and (v) was limited to simple repetitive tasks in a non-public setting. (AR 15).

| | | |
|---|---|---|
| (1) | Is the claimant presently engaged in substantial gainful activity? If so, the claimant is not disabled. If not, proceed to step two. | |
| (2) | Is the claimant's alleged impairment sufficiently severe to limit his ability to work? If not, the claimant is not disabled. If so, proceed to step three. | |
| (3) | Does the claimant's impairment, or combination of impairments, meet or equal an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1? If so, the claimant is disabled. If not, proceed to step four. | |
| (4) | Does the claimant possess the residual functional capacity to perform his past relevant work? If so, the claimant is not disabled. If not, proceed to step five. | |
| (5) | Does the claimant's residual functional capacity, when considered with the claimant's age, education, and work experience, allow him to adjust to other work that exists in significant numbers in the national economy? If so, the claimant is not disabled. If not, the claimant is disabled. | |

Stout v. Commissioner, Social Security Administration, 454 F.3d 1050, 1052 (9th Cir. 2006) (citing 20 C.F.R. §§ 404.1520, 416.920).

The claimant has the burden of proof at steps one through four, and the Commissioner has the burden of proof at step five. Bustamante v. Massanari, 262 F.3d 949, 953-54 (9th Cir. 2001) (citing Tackett); see also Burch, 400 F.3d at 679 (claimant carries initial burden of proving disability).

**B.     Standard of Review**

Pursuant to 42 U.S.C. section 405(g), a court may set aside a denial of benefits only if it is not supported by substantial evidence or if it is based on legal error. Robbins v. Social Security Administration, 466 F.3d 880, 882 (9th Cir. 2006) (citing Flaten v. Secretary of Health & Human Services, 44 F.3d 1453, 1457

(9th Cir. 1995)). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971) (citations and quotations omitted). It is more than a mere scintilla but less than a preponderance. Robbins, 466 F.3d at 882 (citing Young v. Sullivan, 911 F.2d 180, 183 (9th Cir. 1990)).

To determine whether substantial evidence supports a finding, a court must "'consider the record as a whole, weighing both evidence that supports and evidence that detracts from the [Commissioner's] conclusion.'" Aukland v. Massanari, 257 F.3d 1033, 1035 (9th Cir. 2001) (quoting Penny v. Sullivan, 2 F.3d 953, 956 (9th Cir. 1993)). If the evidence can reasonably support either affirming or reversing the ALJ's conclusion, a court may not substitute its judgment for that of the ALJ. Robbins, 466 F.3d at 882 (citing Flaten, 44 F.3d at 1457).

**IV.   DISCUSSION**

Plaintiff contends that the ALJ failed adequately to evaluate the medical evidence, and that, consequently, the ALJ's decision was not supported by substantial evidence. (Plaintiff's Motion at 5-22). More specifically, plaintiff argues that: (1) the ALJ failed adequately to consider the opinions of a state-agency reviewing psychiatrist that plaintiff had moderate limitations in mental functioning; (2) the ALJ did not include in his residual functional capacity assessment or in the hypothetical question posed to the vocational expert the state-agency psychiatrist's opinions related to moderate limitations in plaintiff's mental functioning; and (3) as a result, the vocational expert's testimony, which the ALJ adopted, did not account for such moderate mental limitations, and therefore could not serve as substantial evidence supporting the ALJ's determination that plaintiff can perform other work that exists in significant numbers in the national economy. (Plaintiff's Motion at 5-22). The Court concludes that a reversal or remand on any of these grounds is not warranted.

///

5

## A. Pertinent Law

In Social Security cases, courts employ a hierarchy of deference to medical opinions depending on the nature of the services provided. Courts distinguish among the opinions of three types of physicians: those who treat the claimant ("treating physicians") and two categories of "nontreating physicians," namely those who examine but do not treat the claimant ("examining physicians") and those who neither examine nor treat the claimant ("nonexamining physicians"). Lester v. Chater, 81 F.3d 821, 830 (9th Cir. 1996) (footnote reference omitted). A treating physician's opinion is entitled to more weight than an examining physician's opinion, and an examining physician's opinion is entitled to more weight than a nonexamining physician's opinion.[3] See id.

"The Commissioner may reject the opinion of a nonexamining physician by reference to specific evidence in the medical record." Sousa v. Callahan, 143 F.3d 1240, 1244 (9th Cir. 1998). However, while "not bound by findings made by State agency or other program physicians and psychologists, [the ALJ] may not ignore these opinions and must explain the weight given to the opinions in their decisions." SSR 96-6p; see also 20 C.F.R. §§ 404.1527(f)(2)(i), 416.927(f)(2)(i) ("State agency medical and psychological consultants and other program physicians and psychologists are highly qualified physicians and psychologists who are also experts in Social Security disability evaluation. Therefore, administrative law judges must consider findings of State agency medical and psychological consultants or other program physicians or psychologists as opinion evidence. . . ."); Sawyer v. Astrue, 303 Fed. Appx. 453, 455 (9th Cir. 2008) ("An ALJ is required to consider as opinion evidence the findings of state agency

---

[3]Cf. Le v. Astrue, 529 F.3d 1200, 1201-02 (9th Cir. 2008) (not necessary or practical to draw bright line distinguishing treating physicians from non-treating physicians; relationship is better viewed as series of points on a continuum reflecting the duration of the treatment relationship and frequency and nature of the contact) (citation omitted).

medical consultants; the ALJ is also required to explain in his decision the weight given to such opinions.").[4]

B. **Pertinent Facts**

On November 21, 2008, Dr. H. Skopec, a state-agency reviewing psychiatrist, completed a Mental Residual Functional Capacity Assessment form which reflects that plaintiff was moderately limited in his ability to (i) understand and remember detailed instructions; (ii) carry out detailed instructions; (iii) maintain attention and concentration for extended periods; (iv) work in coordination with or proximity to others without being distracted by them; (v) complete a normal workday and workweek without interruptions from psychologically based symptoms and to perform at a consistent pace without an unreasonable number and length of rest periods; (vi) interact appropriately with the general public; (vii) get along with coworkers or peers without distracting them or exhibiting behavioral extremes; and (viii) maintain socially appropriate behavior and to adhere to basic standards of neatness and cleanliness (collectively "Dr. Skopec's opinions"). (AR 234-35).

A report dated January 8, 2009 reflects that on November 3 and November 24, 2008, Dr. Kipp Thom, a state-agency psychologist, performed a psychological assessment of plaintiff which included a mental status evaluation and objective psychological testing.[5] (AR 287-93). Based on his examination of plaintiff and the results of the objective testing, Dr. Thom diagnosed plaintiff with borderline intellectual functioning and opined that (i) plaintiff's mental status examination

---

[4] The Court may cite unpublished Ninth Circuit opinions issued on or after January 1, 2007. See U.S. Ct. App. 9th Cir. Rule 36-3(b); Fed. R. App. P. 32.1(a).

[5] Dr. Thom administered the following tests: Beck Anxiety Inventory, Beck Depression Inventory II, Miller Forensic Assessment Test, Neurobehavioral Cognitive Status Examination, Rey 15 Item, Rey-Osterrieth Complex Figure Test, Rotter's Incomplete Sentence Blank, Thematic Apperception Test, Wechsler Adult Intelligence Scale-III, and Wide Range Achievement Test 4th Edition. (AR 298).

was a relatively benign but plaintiff was mildly impaired in reasoning and judgment; (ii) plaintiff's overall level of attention and memory was within normal limits; and (iii) plaintiff would benefit from job training. (AR 18, 298, 301-02). As the ALJ notes, there is no indication that plaintiff was using drugs or alcohol when the assessment was being conducted. (AR 18, 296-302).

### C. Analysis

Contrary to plaintiff's contention, the ALJ adequately considered Dr. Skopec's opinions and, to the extent he rejected such opinions, the ALJ did so based on specific evidence in the medical record.

First, although the ALJ stated that he gave "little weight" to Dr. Skopec's opinions because they "rely on a prior ALJ's decision," in essence the ALJ properly rejected Dr. Skopec's opinions because they did not constitute significant probative evidence of plaintiff's current limitations. (AR 18-19); cf. Vincent v. Heckler, 739 F.2d 1393, 1394-95 (9th Cir. 1984) (An ALJ must provide an explanation only when he rejects "significant probative evidence." ) (citation omitted). In a decision dated July 22, 2008, a different administrative law judge found that plaintiff could perform a full range of work at all exertional levels with certain nonexertional limitations. (AR 9, 61-67). In a November 21, 2008 case analysis, Dr. Skopec agreed that there should be "[n]o significant changes" made to the prior ALJ's decision, and that as of that date, plaintiff's file contained "no new allegations or findings." (AR 248-49). Therefore, the current ALJ reasonably concluded that Dr. Skopec's opinions – which were based solely on the doctor's review of the medical evidence in plaintiff's file on November 21, 2008 – were not probative of plaintiff's current mental abilities which include additional limitations related to plaintiff's new diagnosis of borderline intellectual functioning reflected in Dr. Thom's January 8, 2009 report. (AR 18-19).

In addition, substantial evidence supports the ALJ's rejection of Dr. Skopec's opinions as failing to account for the effects of plaintiff's polysubstance

abuse. (AR 14, 19). The medical records that Dr. Skopec reviewed on November 21, 2008, contain little evidence of plaintiff's drug and alcohol use. Most notably, plaintiff's own treating psychiatrist opined that he found "no evidence of any drug, alcohol or medication abuses [by plaintiff]."[6] (AR 304). In addition, the ALJ concluded that when plaintiff was using drugs and alcohol, plaintiff had marked restrictions in social functioning and in concentration, persistence, or pace. (AR 13). The ALJ based this conclusion on plaintiff's own testimony (*i.e.* "that, when [plaintiff] was using drugs and alcohol, he was running amuck and doing things that caused him to go to jail and to be hospitalized") and on testimony from a medical expert who opined that many of plaintiff's mental "difficulties" were associated with plaintiff's drug use. (AR 13-14, 36-44, 53-54). In contrast, Dr. Skopec's opinions reflect only moderate limitations in plaintiff's mental abilities. (AR 234-35).

Since the ALJ properly rejected Dr. Skopec's opinions, the ALJ did not err in omitting such opinions from his residual functional capacity assessment and the hypothetical question posed to the vocational expert, and consequently, plaintiff fails to demonstrate that the vocational expert's testimony did not constitute substantial evidence supporting the ALJ's determination that plaintiff could perform other work that exists in significant numbers in the national economy.

Accordingly, the Court concludes that a reversal or remand is not warranted on any of plaintiff's grounds.

///
///
///
///

---

[6] Although expressed in a letter dated February 2010, such opinion was based on the psychiatrist's treatment of plaintiff which is reflected in medical records that Dr. Skopec considered as part of his review. (AR 219-29, 304).

## V. CONCLUSION

For the foregoing reasons, the decision of the Commissioner of Social Security is affirmed.

LET JUDGMENT BE ENTERED ACCORDINGLY.

DATED: May 26, 2011

                                                /s/
                                   Honorable Jacqueline Chooljian
                                   UNITED STATES MAGISTRATE JUDGE